IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION FILE
                                      NO. 4:11-CR-047-01-HLM

RHONDA HOUSER.

## ORDER

This case is before the Court on the Report and
Recommendation on Plea of Guilty issued by United States
Magistrate Judge Walter E. Johnson [8], and on the
Government's Objections to the Report and
Recommendation [9].

## I. Background

On December 14, 2011, the Government filed a
criminal information against Defendant. (Docket Entry No.
1.) The information states:

From on or about January 1, 2007, and continuing until on or about August 24, 2007, in the Northern District of Georgia, the defendant, RHONDA HOUSER, having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, the felony offense of health care fraud, did conceal the same by receiving a payment from a nursing home checking account that falsely indicated on the check that the payment was for "management fees," and did not as soon as possible make known said offense to a judge or other person in civil or military authority under the United States, in violation of Title 18, United States Code, Section 4.

(Docket Entry No. 1-2 at 1-2.)

On December 14, 2011, Defendant filed a Waiver of Indictment and a Consent to Tender Plea Before U.S. Magistrate Judge. (Docket Entry No. 3 (Waiver of Indictment); Docket Entry No. 4 (Consent to Tender Plea Before U.S. Magistrate Judge).) On that same day,

AO 72A
(Rev.8/8
2)

Defendant entered a plea of guilty to the information before Judge Johnson. (Docket Entry Nos. 5-6.)

Defendant's Guilty Plea and Plea Agreement contains an appeal waiver provision. (Docket Entry No. 6 at 13.) That provision states:

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

AO 72A

(Rev.8/8

2)

(<u>Id.</u>) The Guilty Plea and Plea Agreement further provides: "There are no other agreements, promises, representations, or understandings between the Defendant and the Government." (<u>Id.</u> at 15.) Defendant also signed the following statement:

> I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea

AO 72A
(Rev.8/8
2)

Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

(Id. at 16.)

On December 15, 2011, Judge Johnson issued his Report and Recommendation. (Docket Entry No. 8) Judge Johnson's Report and Recommendation states, in relevant part:

After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Fed. R. Crim. Pro. 11, I have determined that the guilty plea was knowing and voluntary, and that the plea to the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense. I have also determined that the defendant has voluntarily and expressly waived the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding

AO 72A
(Rev.8/8
2)

(including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground.

However, counsel for [Defendant] stated for the record their belief that [D]efendant could seek to have her conviction and sentence vacated if her husband prevails on Count One of the Indictment in his pending criminal case, <u>United States v. George D. Houser</u>, 4:10-CR-12-01-HLM (N.D. Ga.). Defense counsel's two contentions are as follows. First, should Mr. Houser obtain acquittal under Fed. R. Crim. P. 29 of the charge contained in Count One, then [Defendant] could seek to have her conviction and sentence vacated. Second, if Mr. Houser is convicted, but convinces an appellate court that this Court's denial of his motion to dismiss Count One of the Indictment was erroneous, then [Defendant] could seek to have her conviction and sentence vacated. The Assistant United States Attorney responded that defense counsel's first contention had not previously been discussed between the parties, and disagreed that defense counsel's second contention would allow [Defendant] to obtain the relief she might seek. This Court informed [Defendant] that these understandings might be incorrect and that she could be bound by the limited waiver of appeal contained in the plea

6

AO 72A

(Rev.8/8 2)

agreement. The defendant understood and nevertheless agreed to plead guilty.

I, therefore, **RECOMMEND** that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

(Id. at 1-3 (footnote omitted).)

The Government filed Objections to the Report and Recommendation. (Docket Entry No. 9.) The time period for a response to the Government's Objections has expired, and the Court therefore finds that this matter is ripe for resolution.

## II. Discussion

The Government filed Objections to the Report and Recommendation Concerning Plea of Guilty "to clarify its responses during the plea hearing to the statements made

AO 72A
(Rev.8/8
2)

by counsel that are referenced in the R&R." (Gov't Objs. at

1.) The Government's Objections state:

> In response, the Government emphasized that the only agreement between the parties was the plea agreement and requested that the Court fully explain the defendant's appellate rights to her, as set forth in the plea agreement; the Court did so, and the defendant acknowledged that she understood that she waived her appellate rights as stated in the plea agreement. With respect to the second statement made by defense counsel (i.e., that if George Houser is convicted of Count One in pending criminal case 4:10-CR-12 but convinces an appellate court that the denial of his motion to dismiss Count One of the indictment was erroneous, the defendant could then seek to have her conviction and sentence vacated), the Government noted that it had provided case citations to defense counsel that were relevant to the issue, but that it has not taken any position as to the defendant's legal remedies under those circumstances.

(Id. at 1-2.)

8

AO 72A
(Rev.8/8
2)

The Court has reviewed the transcript of the guilty plea hearing in this case. (Guilty Plea Hr'g Tr., Docket Entry No. 10.) During the guilty plea hearing, Attorney Glenn Baker, counsel for the Government, reviewed the terms of the Guilty Plea and Plea Agreement with Defendant, at Judge Johnson's request. (Id. at 12-16.) Attorney Baker noted that the Guilty Plea and Plea Agreement contained a limited waiver of appeal that stated:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding, including, but not limited to, motions filed pursuant to 28 U.S.C. Section 2255 on any ground except that the defendant may file a direct appeal of an upward departure of a variance from the sentencing guideline range as calculated by the District Court. The defendant understands that this plea agreement does not limit the Government's right to appeal, but if the

9

AO 72A

(Rev.8/8

Government initiates a direct appeal of the sentence imposed, the defendant may file a cross appeal of that same sentence.

(Id. at 15-16.) In response, Defendant's counsel, Attorney Natasha Perdew-Silas, stated:

> I think it would be helpful for me to add a couple of clarifying points because these are things that have been discussed at length with [Defendant]. The first one with respect to the word "fraudulently," we are relying primarily on this Court's Report of [sic] Recommendation which was adopted by Judge Murphy that made it clear that fraudulent submission of claims would include claims that are for worthless services which are defined under those legal standards in your Order and Judge Murphy's as being services of such a character as to be totally undesirable to the resident, or, in other words, worthless to the resident. So that is incorporated in our understanding of the word "fraudulent" because that is the Order of the Court.
>
> And in addition to that, we have had some discussions both with [the Assistant United States Attorney] and with [Defendant] about the possibility that if this Court's Order about that in fact were

10

AO 72A

(Rev.8/8
2)

overturned by a higher court, say, the Eleventh Circuit or the Supreme Court, that we, all of the lawyers in the case believe that she would nevertheless be able to challenge it because, in other words, she would have pled to misprision of a crime that didn't exist. So I felt that is important because that is [Defendant's] understanding because that is what we all have discussed.

(Id. at 16-17.) Attorney Jimmy Hardy, another of Defendant's attorneys, then stated:

Also, Your Honor, it was my understanding that if the Court after hearing the evidence at a trial with Mr. Houser, the co-defendant, determined that the evidence is insufficient for a conviction and does a judgment of acquittal, that that will also apply to her and that she would have an opportunity to have the sentence vacated and the Government would not oppose.

(Id. at 17.)

Attorney Baker responded:

In terms of the definition of "worthless services," we have that within the plea agreement. I mean, that's the definition we have agreed to and

11

that's the definition that's in the factual basis. So she's either going to agree to the definition of worthless services that is in the plea agreement that the parties have already agreed to or not.

With respect to what Ms. Silas has said in terms of the possibility of appeal, the understanding is she might be able to appeal if in fact Ms. -- Mr. Houser was convicted at trial and then appealed and the Eleventh Circuit were to find that worthless services was not a viable theory, she would then possibly have the right to appeal. I don't know what Mr. Hardy is talking about. There's never been any discussion about that. If Mr. Houser is for some reason acquitted at trial, from the Government's perspective that has nothing to do with the plea that [Defendant] is giving here today from the Government's perspective.

(Guilty Plea Hr'g Tr. at 17-18.) Attorney Baker observed:

"The Government's position is the agreement is what's in

the plea agreement. I've kind of stated our -- just

responded to the other points that counsel have made."

(Id. at 18.) Attorney Hardy stated: "Your Honor, I'm not

12

AO 72A
(Rev.8/8
2)

satisfied with that. That's not the understanding I have and I would like to have time to confer with my client." (Id.) Judge Johnson then recessed to allow counsel to confer further. (Id.)

After the recess, Attorney Hardy indicated that Attorney Baker "has a statement to make, and if it's according to what I understand, then we will go forward." (Guilty Plea Tr. at 19.) Judge Johnson then inquired: "Is this something we need to put in the plea agreement so there will be no questions about clarity and application? Do we need to modify this or can we go forward?" (Id.) Attorney Hardy responded: "I think we can go forward with the plea agreement and with the statement that Ms. Perdew-Silas has made and with Mr. Baker's statement." (Id.)

Attorney Baker then stated:

13

AO 72A
(Rev.8/8
2)

Judge, my statement is just to clarify, I agree we don't need to put it in the plea agreement because the Government's agreement in this case is everything that's contained within the agreement as written. With respect to some of the points that were made earlier, I've kind of responded to those. I would add that on -- there was one point that Ms. Silas made in terms of the scenario where if Mr. Houser was convicted, but then somehow on appeal that was overturned, what [Defendant's] rights would be in that instance. I have talked to the federal defenders about that specific scenario, have given them some case law to take a look at. They need to make their own judgments on that. The Government is not taking any position, nor could I be in a position to take any position what her particular rights would be in that circumstance. And that's not reflected in the plea agreement because we are -- the Government is not taking any position on that. And the same is true -- I mean, as I mentioned in terms of what Mr. Hardy was talking about, the other scenario, that's something that was never even discussed with the Government. And, again, the Government is not taking any position on that and it's not -- and there's no agreement on that, on that scenario.

14

AO 72A

(Rev.8/8

2)

(Guilty Plea Tr. at 19-20.)  At Judge Johnson's request, counsel then restated their various positions.  (Id. at 20-.)  Specifically, Attorney Perdew-Silas stated:

> I was explaining that part of [Defendant's] willingness and ability to plea that there were fraudulent claims submitted in part was based on our understanding of the law as set forth by this Court in the Report and Recommendation to Judge Murphy and adopted by Judge Murphy, that it is fraudulent by definition to submit claims that are so deficient as to constitute worthless services. And worthless services, as Mr. Baker pointed out, is stated within the plea agreement which include services that are so deficient as to be totally undesirable to the recipient.  And I hope I'm not stating it badly.  And then that because that theory of worthless services has been a bone of contention through the motion to dismiss, that it's our understanding through -- that the state of the law is that [Defendant] would be able to challenge her conviction if that central point were invalidated later by the Eleventh Circuit or by the Supreme Court.  Because it's a fairly novel area of law as regards criminal convictions.

(Id. at 20-21.)  Attorney Baker responded:

15

AO 72A

(Rev.8/8
2)

The Government's response would simply be that with respect to the state of the law, you know, we've had discussions in terms of what the case law is, but the Government here and now and during the course of the plea negotiations has made no representation about what its position would be when and if that scenario ever came into play. So there's no agreement in terms of the Government with respect to that issue. And as long as [Defendant] is agreeing to the factual basis that's in the plea agreement, the Government will be satisfied with that portion of it, Your Honor.

(Id. at 21.) Attorney Hardy then stated:

My point went to the trial of the co-defendant, Mr. George Houser, and the Court making a finding under Rule 29 that the evidence presented by the Government is insufficient for a conviction for worthless services. Since [Defendant] is pleading to worthless services, it would appear that she would have a right to appeal -- I mean, she's pleading to misprision of a felony which the felony is worthless services, that she would have the right to appeal her conviction at that time and to ask that her sentence and conviction be vacated. That's what I stated.

(Id. at 22.) Mr. Baker responded:

16

AO 72A
(Rev.8/8
2)

I mean, the Government's -- again, that's something that has never been -- that scenario has simply never been discussed between the parties in this case, and so I've certainly -- there is no agreement with the Government in terms of whether or not Mr. Hardy is correct in the statements he's made. I mean, they've advised the client the way they have. I just want to make it clear we have not agreed that they are correct in making that determination, Your Honor.

(Id.) Mr. Hardy then stated: "And I will put on the record it's my understanding that if that scenario did take place, that it would -- [Defendant's] conviction would be unconstitutional." (Id.)

Judge Johnson noted that he had everyone's statements for the record, and then asked whether "everyone wants to go ahead and proceed with this plea given those understandings and those positions that have been placed on the record." (Guilty Plea Tr. at 23.)

AO 72A
(Rev.8/8
2)

Attorney Hardy responded, "Yes, Your Honor." (Id.)

Attorney Baker stated, "I do, Your Honor. And just to emphasize, I know the Court will go over the actual waiver of appeal that's in the plea agreement again with [Defendant], if the Court would, so she fully understands what that means." (Id.)

In response to Judge Johnson's questioning, Defendant stated that Attorney Baker had accurately described the plea agreement that Defendant signed, and that the plea agreement Defendant signed stated the entire understanding that Defendant had with the Government. (Guilty Plea Tr. at 23.) In response to questioning by Judge Johnson, Defendant indicated that she understood the terms of the plea agreement. (Id. at 24.) The following

18

Q. Have you discussed with your attorney the advantages and disadvantages of giving up your right to appeal your sentence?

A. Yes.

Q. Has your attorney answered all your questions on this subject?

A. Yes, he has.

Q. Have you been forced in any way to give up your right to appeal?

A. No, Your Honor.

Q. Has your attorney explained the right to appeal to you?

A. Yes, he has.

Q. Do you wish to give up your statutory right to appeal subject to the terms and conditions contained in the plea agreement?

A. I'm sorry, Your Honor. Could you please repeat that?

20

exchange then took place between Judge Johnson and Defendant:

> Q: All right. Now, the question that I asked you, if it contained the entire understanding you have with the Government, that, I think, brings up the point that we were just talking about. And this is the situation you have to decide, and your lawyers have decided with you that you want to go ahead. If a Court could decide that you only have the right to appeal based on the limited waiver that you've signed that's part of this agreement, so these other understandings may not come to fruition for you and they may not be -- you may not be able to reverse or vacate this conviction. Do you understand that?

> A. Yes, I do.

> Q. All right. Now, do you understand that by signing this plea agreement you are giving up your right to appeal any sentence imposed by the Court except in the limited circumstances described in that Agreement?

> A. Yes, I do, Your Honor.

19

AO 72A

(Rev.8/8
2)

Q.  Yes.  Do you wish to give up your statutory right to appeal subject to the terms and conditions contained in the plea agreement?

A.  No, no, Your Honor.

Q.  All right.  Well, that's an important question, so let me ask you to make sure you understand the question.  It is, do you wish to give up your statutory right to appeal subject to the terms and conditions that are contained in the plea agreement?  This means that you accept the limited rights of appeal you have in this plea agreement.

A.  Yes, Your Honor.

(Id. at 23-25.)

Judge Johnson also explained the limited waiver of appeal provision, noting:

As we've stated before, the limited waiver of appeal in your plea agreement provides that to the maximum extent permitted by law you voluntarily and expressly waive the right to appeal your conviction and sentence and the right to collaterally attack your conviction and sentence in

21

AO 72A

(Rev.8/8

any post-conviction proceeding, including, but not limited to, motions filed under 28, United States Code, Section 2255 on any ground. And here's the exception: except that you may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the District Court. The agreement further provides that you understand that this agreement does not limit the government's right to appeal. But if the government initiates a direct appeal of the sentence imposed, you may file a cross appeal of that sentence.

(Guilty Plea Tr. at 28.) Defendant indicated that she understood the rights that she was giving up. (Id.) Judge Johnson later asked Defendant: "Do you understand that by entering into the plea agreement you have signed and entered a plea of guilty, you will have waived or given up your right to appeal or collaterally attack all or part of your sentence except under those limited waiver of appeal we've already talked about?" (Id. at 34-35.) Defendant

22

AO 72A
(Rev.8/8
2)

responded, "Yes, I do, Your Honor." (Id. at 35.) Judge Johnson then inquired, "By signing this plea agreement and entering a plea of guilty do you understand that you are agreeing to give up the right to appeal except in the limited circumstances I previously read to you?" (Id.) Defendant responded, "Yes." (Id.)

Based on the Court's review of the Report and Recommendation and the record in the case, the Court finds that Defendant's plea of guilty was knowingly and voluntarily made, and that Defendant's plea to the offense charged was supported by an independent basis in fact establishing each of the essential elements of that offense. The Court further finds that Defendant pleaded guilty with full knowledge and understanding of the appeal waiver contained in Defendant's Guilty Plea and Plea Agreement.

'2A

.8/8

The Court's review of the record further demonstrates that the Government's position concerning Defendant's counsel's contentions concerning Defendant's possible right to appeal if Mr. Houser obtains a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure or if Mr. Houser is convicted, but later convinces an appellate court that the Court's ruling denying Mr. Houser's motion to dismiss count one of the indictment, which addresses "worthless services," is erroneous, is as follows: (1) the only agreement between the parties is the plea agreement and the plea agreement sets forth the Government's position on the appeal waiver issue; and (2) the Government has taken no position as to Defendant's legal remedies should either of the above circumstances regarding Mr. Houser occur. To the extent, if any, that the

24

Report and Recommendation does not reflect those findings, the Court rejects that portion of the Report and Recommendation. The Court, however, adopts the remaining portion of the Report and Recommendation--specifically, the portion finding that Defendant's plea of guilty to the information is knowing and voluntary.[1]

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS IN PART AND**

---

[1] The Court need not, and does not, interpret or apply the appeal waiver provision of the plea agreement at this point, and takes no position as to whether the appeal waiver provision would allow Defendant to appeal her own conviction and sentence if: (1) Mr. Houser obtains a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure; or (2) if Mr. Houser is convicted, but later convinces an appellate court that the Court's ruling denying Mr. Houser's motion to dismiss count one of the indictment, which addresses "worthless services," is erroneous. It is clear from the record that Judge Johnson adequately advised Defendant of her appeal rights and informed her of the limited waiver of appeal provision contained in the Guilty Plea and Plea Agreement and its ordinary effect, and that Defendant indicated her wish to plead guilty and waive her rights to appeal as reflected in that waiver.

AO 72A
(Rev.8/8
2)

**REJECTS IN PART** the Report and Recommendation [8], and **SUSTAINS** the Government's Objections to the Report and Recommendation [9]. The Court makes the Report and Recommendation the Order of the Court except as follows: the Court finds that the Government's position concerning Defendant's counsel's contentions concerning Defendant's possible right to appeal if Mr. Houser obtains a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure or if Mr. Houser is convicted, but later convinces an appellate court that the Court's ruling denying Mr. Houser's motion to dismiss count one of the indictment, which addresses "worthless services," is erroneous, is as follows: (1) the only agreement between the parties is the plea agreement and the plea agreement sets forth the Government's position on the appeal waiver issue; and (2)

AO 72A
(Rev.8/8
2)

the Government has taken no position as to Defendant's legal remedies should either of the above circumstances regarding Mr. Houser occur. With that exception, pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court **ADOPTS** the Report and Recommendation Concerning Guilty Plea [8], and makes it the Order of the Court. Defendant's plea of guilty to the charge contained in the information is hereby accepted, and Defendant is hereby adjudged guilty of said offense. Defendant's sentencing hearing is scheduled for Friday, February 17, 2012, at 1:30 p.m., in Room 300 of the United States Courthouse, 600 East First Street, Rome, Georgia.

IT IS SO ORDERED, this the _11_ day of January, 2012.

_____

UNITED STATES DISTRICT JUDGE

27